721 So.2d 1078 (1998)
George David LEWIS and Elaine W. Lewis
v.
James A. HOOD, Marianne Hood and National Log Systems, Inc.
No. 97 CA 2118.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
*1079 Fred Pharis, Alexandria, for Appellants George David Lewis and Elaine Lewis.
Eric Pittman, Denham Springs, for AppelleesJames A. Hood and Marianne Hood.
James Durbin, Denham Springs, for DefendantNational Log Systems, Inc.
Before FITZSIMMONS and GUIDRY, JJ., and CHIASSON, J. Pro Tem.[1]
FITZSIMMONS, Judge.
The issue in this suit is whether a revocatory action may be brought before the anterior debt owed to the creditor-obligee has been settled or determined by judgment. We reverse the trial court's holding that the revocatory action was premature.

FACTS AND PROCEDURAL BACKGROUND
On February 5, 1997, plaintiffs, George David Lewis and Elaine W. Lewis, filed a revocatory action against defendants, James A. Hood, Marianne E. Hood, and National Log Systems, Inc. (National Log). The Lewises alleged a debt owed to them by National Log. This debt arose from defective logs sold by National Log to the Lewises. According to the Lewises, the claimed debt became the subject of a suit for redhibition filed by the Lewises against National Log, in Natchitoches Parish, on February 13, 1996. The Lewises asserted that the debt arose anterior to certain acts of exchange of immovable property from National Log to James A. Hood and Marianne Hood. The 1994 acts were not recorded in the public records until after the filing of the suit for redhibition. The Lewises argued that these exchanges increased National Log's insolvency. The Lewises prayed that the acts of exchange be annulled.
The Hoods filed a motion to strike, peremptory exceptions raising the objections of no cause of action and no right of action, and a dilatory exception raising the objection of prematurity. See La. C.C.P. arts. 927(4) & (5), and 926(1). The trial court denied the exceptions of no cause of action and no right of action. The exception of prematurity was sustained. The suit was dismissed. The trial court denied the motion to strike as moot.
Separate appeals of the same July 14, 1997 judgment were filed. In this appeal, 97 CA 2118, the Lewises assigned error to the granting of the exception of prematurity, and dismissal of their suit. In a separate appeal, Lewis v. Hood, 97 CA 2453 (La.App. 1st Cir.9/18/98), the Hoods assigned error to the trial court's denial of the peremptory exceptions raising the objections of no cause of action and no right of action.

PREMATURITY
The Lewises assert that the Civil Code articles governing revocatory actions do not require that the debt be liquidated, that is, settled or determined, before the filing of the revocatory action. In the separate appeal, the Hoods' arguments on the exceptions of no right of action and no cause of action stem from their claim that the revocatory action is premature. They assert that the plaintiffs have no cause or right of action because the alleged anterior debt owed to the Lewises by National Log, has not been settled or determined. The Hoods make essentially the same argument in their appellee brief on the exception of prematurity. The issue is whether the Lewises can bring a revocatory action without a judgment or liquidated debt in the redhibition action. The issue is not whether the creditor can meet the burden of proof for revocatory actions.
In 1984, the legislature modified Civil Code articles 2036-2043, governing the revocatory action. See Acts 1984, No. 331, § 1. Before the change, the revocatory action was limited *1080 to fraudulent acts, and must have been brought one year from the time the creditorobligee had "obtained judgment against the debtor." La. C.C. arts.1994, 1969 & 1970 (1870). New Civil Code article 2036 no longer limits the revocatory action to fraudulent acts, but looks instead at the obligor's acts that create or increase insolvency. See La. C.C. art.2036, comments (a) & (b). Civil Code article 2036 provides that: "An obligee has a right to annul an act of the obligor, ... made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency." Thus, the requisites are two: "anteriority of the debt and insolvency of the debtor." La. C.C. art.2036, comment (f).
Prescription for the revocatory action no longer runs from the date a judgment was obtained. Civil Code article 2041 now requires that the action be brought within one year of the time the creditor learned of "the act," which causes or increases the debtor's insolvency. Revision comment (b), to article 2041, notes that "[s]ince the revised articles on revocatory action have been redrafted to cover unliquidated debts, the `date of judgment' is not a relevant starting point for determining when prescription has run." Comment (f) to Civil Code article 2036, the definitional article on revocatory action, states that the creditor's "claim does not have to be liquidated to judgment to be considered an anterior debt," citing the cases of Ventrilla v. Tortorice, 160 La. 516, 107 So. 390 (1926) and Holland v. Gross, 195 So. 828 (La.App. 2d Cir.1939)(on the merits). Under all circumstances, the codal article provides an outside peremptive period of three years.
Our reading of the prior and new revocatory articles, particularly Civil Code articles 2036 and 2041, fully supports our conclusion that the bringing of the revocatory action does not require a judgment in the action on the debt. To bring a revocatory action, the creditor, or obligee, must prove: (1) an anterior debt, a "right" of the creditorobligee arising from a contract, tort, or redhibition claim; and (2) a subsequent act by the debtor-obligor that caused or increased the obligor's insolvency.
Article 2036 refers not to a judgment or liquidated debt, but to a "right of the obligee." La. C.C. art.2036 & comment (f). We find no support for the Hoods' argument that the revision contains a mandate, or inference, that the debt must be liquidated, that is, determined or fixed, before it can serve as a basis for a revocatory action.
The change in the trigger point for prescription, from date of judgment to the time the creditor "learned or should have learned of the act" that caused or increased the debtor's insolvency, is significant. La. C.C. art.2041. The change, along with the legislative comments, evinces the legislature's decision to eliminate any former or perceived mandate that the anterior debt be a liquidated debt. Perhaps the trial court can ameliorate any uncertainty by exercising its discretion on how and when to proceed in the revocatory action. Such a decision could be reviewed by supervisory writ.
If we were to hold that the debt must be liquidated, by judgment or otherwise, an unjust situation would eventually arise. The prescriptive or peremptive period of article 2041, could run before some debts could be reduced to judgment. The right of a revocatory action would be denied to many parties because of time delays beyond their control.
The Hoods were put on notice of a problem with the exchanges of property by the filing of the revocatory suit. We do recognize the possibility the Hoods point out that immovable property could be taken out of commerce indefinitely pending the outcome of revocatory actions based on unproven, unliquidated debts. However, only the legislature can rewrite the articles, and change the requirements for revocatory actions.
For these reasons, we reverse the portion of the judgment of the trial court sustaining the exception of prematurity. In an unpublished opinion, Lewis v. Hood, 97 CA 2453 (La.App. 1st Cir.9/18/98), we affirmed the denial of the exceptions of no cause of action and no right of action. Thus, plaintiffs' suit is reinstated, and the case remanded for further proceedings. The costs of the appeal are assessed to the defendant-appellees, James A. Hood and Marianne Hood.
*1081 REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.